UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

CURWOOD, INC.
          Plaintiff
v.                                       Case No. 07-C-544

PRODO-PAK CORPORATION
          Defendant
_____

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE
_____

PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff, a Delaware corporation having its corporate offices in Oshkosh, Wisconsin filed this suit on June 14, 2007. The defendant, Prodo Pak Corporation, a Delaware corporation with its offices and plant in Garfield, New Jersey, filed its answer on or about August 31, 2007. In its affirmative defenses it indicated that venue was improperly laid and should have been in New Jersey.

Counts one through three of the four count complaint seek damages from the defendant pursuant to defendant's October 30, 2003 proposal to sell packaging machines to the plaintiff. That proposal, attached as Exhibit A to the Mueller affidavit, upon which the plaintiff relies, contained the following forum selection clause:

> " This agreement and any purchase or sale arising hereunder shall be governed, construed, and interpreted in accordance with the laws of the State of New Jersey. <u>Any litigation</u> concerning this agreement <u>shall be</u> under the jurisdiction of a state or federal court <u>located</u> within New Jersey." (Emphasis supplied).

Defendant now moves for a transfer of venue in reliance on this clause.

–1–

I. THE COURT SHOULD GRANT DEFENDANT''S
MOTION TO TRANSFER THIS MATTER TO THE
DISTRICT OF NEW JERSEY PURSUANT TO
THE FORUM SELECTION CLAUSE IN THE
AGREEMENT BETWEEN THE PARTIES.

28 U.S.C. section 1406 (a) provides that a District Court shall transfer venue in an action wrongly laid to a District in which it could have been brought.. A contractual forum selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed. 513 (1972).

Here the agreement which is the primary focus of the complaint contains the following forum selection clause:

> " This agreement and any purchase or sale arising hereunder shall be governed, construed, and interpreted in accordance with the laws of the State of New Jersey. Any litigation concerning this agreement shall be under the jurisdiction of a state or federal court located within New Jersey." (Emphasis supplied)

Mueller affidavit, Exhibit A, par. 9 of last page.

Because this forum selection clause applies to "Any" litigation, its selection of a federal or state court located in New Jersey is clear and venue should be transferred..

CONCLUSION

In light of the foregoing, it is respectfully submitted that the Court should issue an order transferring the within litigation to the District of New Jersey.

–2–

/s Tina M. Dahle  
Attorney Tina M. Dahle  
State Bar No. 1040203  
Attorney for Defendant  
Tina M. Dahle, S.C.  
801 E Walnut Street  
Green Bay WI 54301  
Telephone: (920) 437-1049  
Fax: (920) 437-1103  
E-mail: tdahle@tds.net  

CERTIFICATE OF SERVICE

I hereby certify that on January 17, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark F Yokom myokom@dkattorneys.com, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants:

Atty. James E. Braza  
Davis & Kuelthau SC  
111 E Kilbourn Ave # 1400  
Milwaukee, WI 53202-6677  

/s Tina M. Dahle  
Attorney Tina M. Dahle State Bar No. 1040203  
Attorney for Defendant  
Tina M. Dahle, S.C.  
801 E Walnut Street  
Green Bay WI 54301  
Telephone: (920) 437-1049  
Fax: (920) 437-1103  
E-mail: tdahle@tds.net