**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

_____

CURWOOD, INC.,

    Plaintiff

v.                                  Case No. 07-C-544
                                    Honorable William Greisbach

PRODO PAK CORPORATION

    Defendant

_____

**REPLY BRIEF OF DEFENDANT PRODO PAK CORPORATION
TO THE OPPOSITION OF THE PLAINTIFF TO DEFENDANT'S
MOTION TO TRANSFER VENUE**

_____

                                              TINA M. DAHLE SC
                                              P.O. Box 1656
                                              801 E Walnut Street
                                              Green Bay, Wisc. 54305
                                              (920)-437-1049
                                              Attorney for Defendant

TABLE OF CONTENTS

Argument:

Page

I. DEFENDANT'S MOTION SHOULD BE GRANTED SINCE THERE IS
NO DISPUTE THAT THE PARTIES HAVE AGREED TO NEW JERSEY AS
THE FORUM TO RESOLVE ALL CLAIMS, AND THE FORUM SELECTION
CLAUSE NEGATES THE PLAINTIFF'S *FORUM NON CONVIENS*
ARGUMENTS................................................................................................................. 3

    A. PLAINTIFF'S ARGUMENT THAT ITS PURCHASE ORDER
    CHANGED THE CHOICE OF LAW PROVISION, EVEN IF CREDITED
    DESPITE AUTHORITY TO THE CONTRARY, IS INAPPOSITE SINCE THE
    CHOICE OF FORUM WAS NOT CHANGED................................................................4

    B. SINCE THE PLAINTIFF AGREED THAT NEW JERSEY IS THE FORUM
    TO RESOLVE ALL CLAIMS, IT HAS WAIVED ITS *FORUM NON
    CONVIENS* ARGUMENT................................................................................................5

    C. THE PARTIES EXPRESSED THEIR INTENT TO RESOLVE ALL
    DISPUTES IN NEW JERSEY. THE SO-CALLED 'BUY-BACK" NOT
    ONLY COMES WITHIN THE PURVIEW OF THE PARTIES AGREEMENT
    BUT IS CLEARLY CONFLATED WITH THE AMENDED COMPLAINT'S
    COUNTS REGARDING THE "PROPOSAL" AND "PURCHASE ORDER"
    AND SHOULD LIKEWISE BE RESOLVED IN NEW JERSEY AND NOT
    BIFURCATED.. .............................................................................................................5

CONCLUSION ......................................................................................................................6

TABLE OF AUTHORITIES.

Coverting/Biopile Laboratories v. Ludlow Composite Corporation, 2006 W.L. 626308
 (Wisc App.), ( not reported in N.W. 2d) ..................................................................................4

Northwestern National Insurance Company v. Donovan, 916 F.2d. 372
 ( 7th Circ. 1990) ........................................................................................................................4

Wisc Stat. § 402.207 .................................................................................................................4

**ARGUMENT**

  I. DEFENDANT'S MOTION SHOULD BE GRANTED SINCE THERE IS NO DISPUTE THAT THE PARTIES HAVE AGREED TO NEW JERSEY AS THE FORUM TO RESOLVE ALL CLAIMS, AND THE FORUM SELECTION CLAUSE NEGATES THE PLAINTIFF'S *FORUM NON CONVIENS* ARGUMENTS.

In its opposition the plaintiff essentially argues first that its purchase order changed the governing law from New Jersey to Wisconsin and secondly that it would be inconvenient and unfair to litigate the matter in New Jersey. Yet nowhere in its voluminous submission has it disputed that the parties selected New Jersey as the forum to resolve all disputes. As set forth below, the plaintiff's arguments are insufficient to deny the defendant's motion.

    A. PLAINTIFF'S ARGUMENT THAT ITS PURCHASE ORDER CHANGED THE CHOICE OF LAW PROVISION, EVEN IF CREDITED DESPITE AUTHORITY TO THE CONTRARY, IS INAPPOSITE SINCE THE CHOICE OF FORUM WAS NOT CHANGED.

Plaintiff's brief alleges that its purchase order changed the choice of law to Wisconsin from New Jersey, and therefore concludes from that change that the choice of forum was also changed. Even if this Court were to conclude that the plaintiff's purchase order, which responded to the defendant's proposal, changed the choice of law clause, plaintiff's position fails because the purchase order did not change the selection of New Jersey as a forum. The plaintiff's argument is therefore no less than a concession that the parties selected New Jersey as the forum to resolve their disputes, not Wisconsin.

Although of limited relevance, under Wisconsin law, even the plaintiff's proposition that the choice of law was changed is incorrect. There is no factual dispute that the defendant sent its proposal and that proposal was accepted by the plaintiff by its purchase order. Nor is there any genuine dispute that this is a transaction between merchants and is subject to the Wisconsin

-3-

Uniform Commercial Code. Under the Code, Wisc Stat. § 402.207, when a proposal is accepted by a purchase order which "....states terms additional to or different from those offered or agreed upon...", those additional terms will not become part of the contract if "they materially alter it". Wisc Stat. § 402.207 ( section 3(b) ). The Wisconsin Court of Appeals in Coverting/Biopile Laboratories v. Ludlow Composite Corporation, 2006 W.L. 626308 (Wisc App.), 59 UCC Rep. Serv. 2d 164, not reported in N.W.2d), certified a similar issue to the Supreme Court indicating that although it hadn't been determined in Wisconsin, the weight of authority in most jurisdictions was that changing the situs of a forum selection clause constitutes a material alteration of an offer and therefore does not become part of the contract.[1] In light of the same, even if the forum selection clause had been changed, which it wasn't, that change would not have become part of the contract and the original selection would have prevailed. Under this analysis, and although mostly irrelevant to the Court's determination of the instant motion, the attempted change of the choice of law would also likely fail as an attempt to materially alter the proposal/offer. Regardless, no case law is needed for the proposition that parties can chose a forum at the same time as choosing another forum's law as controlling, but not even that was done here.

>B. SINCE THE PLAINTIFF AGREED THAT NEW JERSEY IS THE FORUM
>TO RESOLVE ALL CLAIMS, IT HAS WAIVED ITS *FORUM NON CONVIENS*
>ARGUMENT.

The "signing of a valid forum selection clause is a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party". Northwestern National Insurance Company v. Donovan, 916 F.2d. 372, 378 ( 7th Circ. 1990). The only exceptions is if a party

---

[1] The case does not appear as if it was actually heard by the Supreme Court.

seeks to invalidate a forum selection clause for contractual formation reasons such as fraud or duress, or possibly considerations as to third parties, which concerns are not implicated here.. Id. at 377. Absent invalidating the clause, a party cannot make and "end run" around it by a forum *non conveniens* argument. Id.at 378.[2]

In light of the above, plaintiff's extensive arguments that the matter has Wisconsin contacts and ought to be litigated there is misplaced and must be rejected.

> C. THE PARTIES EXPRESSED THEIR INTENT TO RESOLVE ALL DISPUTES IN NEW JERSEY. THE SO-CALLED 'BUY-BACK" NOT ONLY COMES WITHIN THE PURVIEW OF THE PARTIES AGREEMENT BUT IS CLEARLY CONFLATED WITH THE AMENDED COMPLAINT COUNTS REGARDING THE "PROPOSAL" AND "PURCHASE ORDER" AND SHOULD LIKEWISE BE RESOLVED IN NEW JERSEY AND NOT BIFURCATED.

The plaintiff's final argument is that the so-called buy back agreement was not subject to a forum selection clause. Its position in essence asks this Court to bifurcate that claim for venue purposes from those of all the other counts of its amended complaint which must be resolved in New Jersey. Such an extraordinary request should be denied.

It is clear from the plaintiff's own complaints that the buy-back transaction is an outgrowth of the transaction commenced by the defendant's proposal and the plaintiff's purchase order, in which the parties selected New Jersey as the situs to resolve all disputes. A reading of the complaints reflect that the plaintiff has clearly conflated the facts of the so-called buy back with those of the proposal. Moreover it is further clear that the parties agreed that all disputes regarding these machines would be resolved in New Jersey. The machines in fact were shipped back to New Jersey.

---

[2] Plaintiff's argument that the greater amount of the witnesses or evidence in Wisconsin is at best self serving since there are witnesses and documents in New Jersey.

In light of the foregoing, this argument should be rejected.

CONCLUSION

For the foregoing reasons, the undersigned respectfully that its motion to change venue be granted.

**TINA M. DAHLE, S.C.**
Attorney for Defendant,
Prodo-Pal Corporation

/s Tina M. Dahle
Attorney Tina M. Dahle State Bar No. 1040203
Attorney for Defendant
Tina M. Dahle, S.C.
801 E Walnut Street
Green Bay WI 54301
Telephone: (920) 437-1049
Fax: (920) 437-1103
E-mail: tdahle@tds.net

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following: Mark F. Yokom  myokom@dkattorneys.com, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants:

Atty. James E. Braza
David & Kuelthau SC
111 E. Kilbourn Avenue #1400
Milwaukee, WI 53202-6677

/s Tina M. Dahle
Attorney Tina M. Dahle State Bar No. 1040203
Attorney for Defendant
Tina M. Dahle, S.C.
801 E Walnut Street
Green Bay WI 54301
Telephone: (920) 437-1049
Fax: (920) 437-1103
E-mail: tdahle@tds.net