UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CURWOOD INC.,

        Plaintiff,

  v.                              Case No. 07-C-544

PRODO-PAK CORPORATION,

        Defendant.

**DECISION AND ORDER DENYING
MOTION FOR CHANGE OF VENUE**

This diversity case arises out of a dispute between the buyer and seller of two packaging machines. According to the amended complaint, Prodo-Pak Corporation ("Prodo-Pak"), a New Jersey corporation with its principal place of business in New Jersey, proposed to manufacture the packaging machines for Curwood Inc. ("Curwood"), a Delaware corporation located in Wisconsin, who would then lease the machines to Degussa Flavors and Fruit Systems US, LLC ("Degussa"), at no cost to Degussa in exchange for Degussa purchasing a minimum monthly amount of packaging material from Curwood. Curwood accepted the proposal, and the first machine was shipped to Degussa's plant in California in July 2004. The machine failed to work as promised, however, and Degussa sent Curwood written notice of breach of the Lease on or about January 8, 2005. Curwood notified Prodo-Pak of the problem, but Prodo-Pak failed to remedy it, and Degussa terminated the lease before the second machine was shipped. Prodo-Pak subsequently notified Curwood that it had found a buyer for both machines, conditioned on certain modifications being made, and offered to buy the machines back from Curwood for almost $304,000. Curwood entered

a buy-back contract with Prodo-Pak and transferred title to the machines to Prodo-Pak so that the required modifications could be made and the sale to the third party completed. When Prodo-Pak failed to make the promised payments, Curwood commenced this action asserting claims for breach of both the original purchase contract and the buy-back contract, breach of warranty, misrepresentation and a statutory claim for property loss or damage caused by crime pursuant to Wis. Stat. § 895.446. In its amended complaint Curwood added claims for unjust enrichment and quantum meruit.

The case is presently before the court on Prodo-Pak's motion to transfer venue to the District of New Jersey pursuant to a forum selection clause contained in its initial proposal. Curwood opposes the motion, claiming that Prodo-Pak's forum selection clause was not part of the agreement between the parties because it is inconsistent with the terms and conditions of its own purchase order. Alternatively, Curwood argues that even if it is part of the contract, Prodo-Pak's forum selection clause is not enforceable as to the claims arising out of the separate buy-back contract between the parties. For the reasons set forth below, I conclude that the initial contract between the parties included the forum selection clause contained in Prodo-Pak's original proposal. I also conclude, however, that the forum selection clause should not be given effect under the circumstances of this case. Accordingly, Prodo-Pak's motion will be denied.

**DECISION**

**A. Contract Formation**

The first issue to be decided is whether the forum selection clause contained in Prodo-Pak's initial proposal to Curwood became a part of the contract between the parties. Prodo-Pak's October 30, 2003 proposal contains a choice of law and forum selection clause that reads:

2

> This agreement and any purchase or sale arising hereunder shall be governed, construed, and interpreted in all respects in accordance with the laws of the State of New Jersey. Any litigation concerning this agreement shall be under the jurisdiction of a state or federal court located within New Jersey.

(Aff. of John Mueller, Ex. A at 17.) Curwood accepted Prodo-Pak's proposal by issuing a purchase order which states in capital letters that it "IS SUBJECT TO THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDE HEREOF." (Aff. of Steven J. Price, Ex. A at 7.) Although Curwood's terms and conditions do not include a forum selection clause, they do include a choice of law provision which states that "all matters relating to this order as to formation of obligation, interpretation and performance" shall be governed by "[t]he laws of the state where the Buyer's plant or location is situated to which the terms sold hereunder are to be shipped or at which the services are to be performed . . . ." (*Id.* at 6.) Curwood's purchase order also contains an integration clause that states:

> 1. Complete Agreement. This purchase order, including these general conditions and any specifications or attachments hereto, constitutes the sole and entire agreement between Buyer and the Seller. No other terms or conditions shall be binding upon Buyer. Should any of the terms and conditions of this purchase order be at variance with any of the terms and conditions of sale of the Seller, it is understood and agreed that the terms and conditions of this purchase order will prevail.

(*Id.*)

The question presented is which party's form controls? Prodo-Pak argues that its written proposal controls and venue should be transferred to New Jersey pursuant to its forum selection clause. Curwood, on the other hand, claims that its purchase order controls and since there is no forum selection clause among its terms and conditions, the integration clause contained in its purchase order negates the forum selection clause in Prodo-Pak's proposal. To resolve this battle

3

of the forms, I must look to the Uniform Commercial Code, specifically, U.C.C. § 2-207. That section provides:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>     (a) The offer expressly limits acceptance to the terms of the offer;
>     (b) They materially alter it; or
>     (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provision of chs. 401-411.

Wis. Stat. § 402.207.[1] U.C.C. § 2-207 was intended to abrogate the common law rule that the acceptance of an offer must be the "mirror image" of that offer. Under this "mirror image" rule, any would-be acceptance which varied any term of an offer operated as a counteroffer. If parties to an agreement had already performed after exchanging forms with conflicting terms, "the terms of the party who sent the last form . . . would become the terms of the parties's contract," as the "last shot"

---

[1] In this diversity action, state law governs the substantive issue of contract formation. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Both Wisconsin and New Jersey have adopted the U.C.C., and neither party has pointed to any difference the manner in which § 2-207 has been construed by the these states. Where the parties have not identified a conflict in state law, the court applies the law of the forum state. *Kochert v. Adagen Medical Intern., Inc.*, 491 F.3d 674, 677 7th Cir. 2007). I will refer to Wisconsin's version of the U.C.C.

4

in the battle of forms. *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 939 F.2d 91, 99 (3d Cir. 1991); *Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1443 (9th Cir. 1986); *see* Michael A. Stiegel & Debra J. Williams, *The Battle of the Forms: UCC Section 2-207* at 79 (Practising Law Institute Commercial Law and Practice Course Handbook Series 1990).

In contrast, under § 207(1), an acknowledgment containing additional or different terms than the original offer nevertheless operates as an acceptance, unless acceptance is expressly made conditional on the other party's assent to the additional or different terms. If acceptance is expressly conditioned upon such assent, then the acknowledgment functions as a traditional counter-offer, and no contract is formed unless the offeror expressly assents. *Rich Products Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 960-61 (E.D. Wis. 1999). In the absence of language making the acceptance expressly conditional on the offeror's acceptance of the additional or different terms, the additional terms become a part of the contract between the parties under subsection (2), unless they alter it materially, are objected to, or the offer expressly limits acceptance to its own terms. *Id.* at 960.[2]

Applying these principles to the undisputed facts before me, I first conclude that Prodo-Pak's proposal constitutes an offer. The Restatement defines the term offer as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981). Prodo-Pak's proposal meets this definition. It provides a detailed description of the scope

---

[2] Although not explicitly mentioned in subsection (2), terms that are "different," as opposed to "additional," presumably drop out, especially where if considered as proposed additions to the contract they would materially alter it. *Mead Corp. v. McNally-Pittsburg Manufacturing Corp.*, 654 F.2d 1197, 1206 (6th Cir. 1981); *but see Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1578-79 (10th Cir. 1984) (holding that where the terms contradict each other, both drop out.).

5

of the work, the specifications of the packaging machines, the number of machines, the price, the anticipated schedule and terms of delivery, and the payment schedule. (Mueller Aff., Ex. A.)

Curwood then accepted Prodo-Pak's offer by issuance of its own purchase order. Although at common law, Curwood's purchase order would have failed as an acceptance since it contained inconsistent terms, the result is different under the U.C.C. As already noted, § 2-207 abrogated the mirror image rule in commercial sales transactions so that "[a] definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon. . . ." Wis. Stat. § 402.207(1). In issuing its purchase order, Curwood simply printed the same machine specifications, quantity, price, delivery and payment terms from Prodo-Pak's proposal onto its own form containing its own terms and conditions. Under the § 402.207(1), Curwood's purchase order constitutes "a seasonable expression of acceptance," even though it contained additional terms unless the acceptance "is expressly made conditional on assent to the additional or different terms." *See Wisconsin Electric Power Co. v. Zallea Bros., Inc.*, 443 F. Supp. 946, 950 (E.D. Wis. 1978) (buyer's purchase order constituted acceptance of seller's quotation/offer, even though printed terms of purchase order called for further acceptance by seller), aff'd, 606 F.2d 697 (7th Cir. 1979).

The next issue to be addressed under § 402.207 then is whether the acceptance or acknowledgment of the offer was expressly made conditional on assent to the additional or different terms. In order to propose a counter-offer and avoid entering into a contract on the original terms, "it is not enough that an acceptance is expressly conditional on additional or different terms; rather, an acceptance must be expressly conditional on the offeror's assent to those terms." *C. Itoh & Co. (America) v. Jordan Int'l Co.*, 552 F.2d 1228, 1235 (7th Cir. 1977) (quoting *Dorton v. Collins &*

6

*Aikman Corp.*, 453 F.2d 1161, 1168 (6th Cir. 1972)). It is true that a conditional acceptance need not precisely track that of the language of the proviso to § 2-207(1). *C. Itoh*, 552 F.2d at 1235. "To require the exact language of the UCC would be too formalistic and inconsistent with the UCC's requirement that its provisions be liberally construed." *White Consol. Ind., Inc. v. McGill*, 165 F.3d 1185, 1191 (8th Cir. 1999). But it must "go beyond making the acceptance subject to its own terms and conditions such that it becomes clear that the offeree is unwilling to proceed unless assured of the offeror's assent to the additional or different terms." *Rich Products,* 66 F. Supp. 2d at 961 (internal quotations omitted).

In this case, I conclude that Curwood's purchase order was not a conditional acceptance of Prodo-Pak's proposal. Although Curwood's purchase order states that it is "SUBJECT TO THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDE HEREOF" (Price Aff., Ex. A at 7), this is not enough. To prevent the formation of a contract on the terms offered, the acceptance must be made expressly conditional on the offeror's assent to those terms. *C. Itoh*, 552 F.2d at 1235. It is not sufficient to say that one's own acceptance is subject to additional or different terms; to transform it's purchase order into a counter-offer, Curwood was required to make it clear to Prodo-Pak that it was unwilling to go through with the transaction unless Prodo-Pak assented to the terms and conditions in its form. Curwood's purchase order failed to convey this message. Indeed, if, as Curwood alleges, it had already entered into a no-charge lease for the machines with Degussa in reliance upon Prodo-Pak's proposal (Am. Complt. ¶ 8), it is clear that Curwood had decided to follow through on the transaction with Prodo-Pak before it even issued its purchase order to Prodo-Pak. Curwood cannot reasonably contend it did not intend purchase the packaging machines that it had already leased to Degussa.

7

The integration clause in Curwood's purchase order also fails to convey the clear message that Curwood was not accepting Prodo-Pak's proposal. That provision simply repeats Curwood's intent that its own terms and conditions, and not Prodo-Pak's, control. But setting forth one's own understanding and intent of an agreement is not the same as conditioning one's acceptance of the other party's offer upon his assent to those terms. More is required to prevent the formation of a contract on the terms contained in the offer. I therefore conclude that Curwood's attempt to substitute its own terms and conditions for those of Prodo-Pak fails. Curwood's purchase order constituted an unconditional offer. The result was the formation of a contract on the terms offered by Prodo-Pak, and the analysis must proceed under subsection (2) of § 402.207.

Under subsection (2) of § 402.207, additional terms contained in the offeree's acceptance are construed as proposals for addition to the contract. Between merchants, such terms become a part of the contract unless: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received. Wis. Stat. § 402.207(2). In this case, both (a) and (b) operate to prevent Curwood's integration clause from becoming a part of the contract. Prodo-Pak's proposal provides that "Purchasers acceptance is expressly limited to the terms of this quotation." (Mueller Aff., Ex. A at 17.) In addition, adding Curwood's integration clause to Prodo-Pak's proposal would materially alter the contract by substituting Prodo-Pak's terms and conditions for Curwood's. It thus follows that Curwood's purchase order resulted in the formation of a contract with Prodo-Pak in accordance with Prodo-Pak's terms and conditions, including its forum selection clause.

**B. Enforcement**

Having concluded that the forum selection clause is part of the contract between the parties, the final question to be decided is whether that clause is enforceable under the circumstances of this case. That issue, when it arises as it does here in the context of a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), is plainly governed by federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, (1988); *IFC Credit v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 608 (7th Cir. 2006). And as Judge Posner has observed, "federal courts are friendly to the use of forum selection clauses to determine which federal district court shall host a case." *Id.* at 608; *see also Northwestern National Ins. Co. v. Donovan*, 916 F.2d 372, (7th Cir. 1990) (noting that the decisions in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1(1972), and *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir.1989), "bury the outmoded judicial hostility to forum selection clauses. They make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause.").[3] But as *Stewart* also makes clear, a forum-selection clause should receive "neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a)." 487 U.S. at 31.

In the present case, Curwood argues that Prodo-Pak's motion to transfer venue to the District Court in New Jersey should be denied because this court has personal jurisdiction over Prodo-Pak under Wisconsin's long-arm statute, Wis. Stat. § 801.05, and Prodo-Pak has failed to establish that

---

[3] It is also noteworthy that under Wisconsin law, forum selection clauses, unless procured by fraud or against public policy, are generally enforced. *See, e.g., Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶ 22, 296 Wis.2d 273, 286, 722 N.W.2d 633, 640 ("A contract's forum-selection clause is presumptively valid in Wisconsin.").

9

the Eastern District of Wisconsin would be an inconvenient forum so as to justify a change of venue pursuant to 28 U.S.C. § 1404(a). (Br. In Opp. at 10, 11.) But Prodo-Pak has not challenged the court's exercise of personal jurisdiction, and its motion to transfer venue is not based on the contention that Wisconsin is an inconvenient forum; it is based on the fact that the parties contractually agreed that any litigation concerning their agreement would take place in a state or federal court located within New Jersey. Under federal law, forum selection clauses are generally enforceable, and a party who enters into a contract containing a forum selection clause may not avoid the effect of the clause by arguing his own inconvenience. *Northwestern National Ins. Co.*, 916 F.2d at 378. Thus, the fact that Curwood would find a Wisconsin forum more convenient is irrelevant.

Curwood does make one argument, however, that goes directly to a consideration that does underlie a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), namely judicial economy. More specifically, Curwood notes that the buy-back agreement it entered into with Prodo-Pak is a separate contract that does not contain a forum selection clause. Since the buy-back agreement is not governed by the contract containing the forum selection clause, Curwood argues that venue in this district is proper as to its claim for breach of that contract and the additional claims related to it. (Br. In Opp. at 9.) If that is true, then there are no independent grounds for transferring those claims to federal court in New Jersey, and the court must choose among the following alternatives: (1) transfer only those claims governed by the original agreement, thereby severing the case; (2) transfer the entire case to the District of New Jersey; or (3) retain the entire case.

As even Prodo-Pak concedes, the suggestion that the court should sever the claims is an "extraordinary request" that should be denied. (Reply Br. at 5) To do so would substantially increase the costs of resolving the dispute for both parties and would require the efforts of two

10

courts instead of one. As one court has observed, "[a] plethora of legal rules and doctrines are designed to promote the efficient resolution of controversies. *See*, e.g., Fed. R. Civ. P. 18 (permitting joinder of related claims and remedies); Fed. R. Civ. P. 19 (requiring the joinder of persons needed for just adjudication of a controversy); Fed. R. Civ. P. 20 (permitting joinder); Fed. R. Civ. P. 22 (allowing interpleader for interested parties); 28 U.S.C. § 1291 (requiring a 'final order' by the district court so as to avoid piecemeal or unnecessary litigation of appeals)." *Frigate Limited v. Damia*, 2007 WL 127996 at *3 (N.D. Calif. Jan. 12, 2007). Severing this case and sending half of it to an overworked district court in New Jersey is plainly contrary to the purpose of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Prodo-Pak, however, disputes Curwood's contention that its claims relating to the buy-back agreement are outside the purview of the original contract. It argues that the buy-back transaction was an outgrowth of the original agreement in which the parties agreed that all disputes would be resolved in courts located in New Jersey. That the buy-back transaction is not a separate agreement, Prodo-Pak argues, is evidenced by the amended complaint where Curwood has conflated the two agreements in a single count. (Reply at 5.) Under the terms of its original proposal, Prodo-Pak argues, all of the claims must be litigated in New Jersey.

But the terms of the forum selection clause are not as broad as Prodo-Pak's argument suggests. The specific language, once again, reads "[a]ny litigation concerning this agreement shall be under the jurisdiction of a state or federal court located within New Jersey." (Mueller Aff., Ex. A at 17.) It does not say "any dispute between the parties," or any dispute over the subject matter of this agreement." By its terms, it applies only to "litigation concerning this agreement." The phrase "this agreement" plainly refers to the initial contract between the parties. And while it is true

11

that the claims are not clearly delineated in Curwood's amended complaint, a fair reading of the pleading supports Curwood's contention that there were in fact two contracts between the parties. The first called for the machines to be sold to Curwood and leased at no charge to Degussa in exchange for Degussa purchasing a minimum monthly amount of packaging material from Curwood. When the first machine failed to perform as promised and Degussa terminated its lease with Curwood, the parties entered a second contract under which Prodo-Pak agreed to buy the machines back from Curwood for close to $304,000. Prodo-Pak is alleged to have breached both contracts and, in addition, to have obtained possession of and title to the machines from Curwood by fraud. This is not a case where Curwood is simply alleging a non-contract claim or remedy to avoid a forum selection clause. *Compare American Patriot Insurance Agency v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 888-89 (7th Cir.2004) (holding that a party cannot defeat a forum selection clause by its choice of contractual provisions to sue on or the remedies it seeks). Here, Curwood is seeking contract, tort and equitable remedies concerning a separate contract. Those claims do not concern the original agreement between the parties, and Curwood never agreed to litigate them in New Jersey.

Under these circumstances, I conclude that the forum selection clause should not be enforced. To do so would deprive Curwood of its right to choose the forum in which its claims that are not governed by the original contract will be tried. At least as to claims that are not subject to the forum selection clause, Curwood's choice of a forum must be given some weight and should not be lightly set aside. *Federal Deposit Insurance Corp. v. Citizens Bank and Trust Co.*, 592 F.2d 364, 368 (7th Cir.), *cert. denied*, 444 U.S. 829 (1979). And as to those claims, convenience to the parties, including Curwood and its employees can be properly considered. That factor, I find from the submissions of the parties, does favor Curwood. To the extent that Prodo-Pak will be deprived

12

of the benefit of the forum selection clause in the original agreement, it has only itself to blame-by entering into a new contract with Curwood that did not contain a forum selection clause, Prodo-Pak created the risk that it would end up in a lawsuit in Wisconsin, despite its efforts to avoid such a result in its initial proposal. In sum, I agree with those courts that have held that "where a plaintiff's suit is truly broader than the forum selection clause and the structure of the complaint is not an attempt to avoid the forum selection clause, enforcement of the forum selection clause would be unreasonable." *Pegasus Transp., Inc. v. Lynden Air Freight, Inc.*, 152 F.R.D. 574, 577 (N.D. Ill. 1993); *see also Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir.1986); *Vision Technology Design & Mfg., Inc. v. General Wire Spring Co.*, 2007 WL 2069945, *7 (E.D. Cal. July 17, 2007); *General Environmental Science Corp. v. Horsfall*, 753 F. Supp. 664, 668 (N.D. Ohio 1990). Accordingly, Prodo-Pak's motion will be denied.

## ORDER

For the reasons set forth above, Prodo-Pak's motion to transfer venue to the United States District Court for the District of New Jersey (Dkt. # 10) is denied. The clerk is directed to place this matter on the court's calendar for a Rule 16 telephone scheduling conference.

**SO ORDERED** this   7th   day of March, 2008.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

13

Case 1:07-cv-00544-WCG   Filed 03/07/08   Page 13 of 13   Document 19